Santini Fertilizer Co., Plaintiff and Appellant, *v.* Albert E. Lee & Son et al., Defendants and Appellees.

No. 5852. Argued December 2, 1932.—Decided December 13, 1932.

*Rafael Buscaglia* for appellant. *Carlos J. Torres* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

On August 5, 1924, José Moisés Colón acknowledged that he owed the firm of Finlay, Waymouth & Lee, Inc., the sum of $3,000, and agreed to pay interest thereon at the rate of 10 per cent per annum for the term of one year, maturing August 5, 1925. This acknowledgment of debt was made to appear in a public deed executed on August 9, 1924, and according to the said deed on the same date José Moisés

Colón made a promissory note for the said sum to the order of Finlay, Waymouth & Lee, Inc., maturing on November 5, 1924, it being agreed that this note would be replaced by another to mature on February 5, 1925, which would be replaced by another to mature on May 5 of the same year, and finally by another to mature on August 5, 1925, on which date the debtor obligated himself to pay all of the principal sum of $3,000 acknowledged to be due, the debtor agreeing to pay interest in advance, for the period of the extension, upon signing each of the three notes.

As security for the payment of the above sum, with interest during the extensions mentioned, and the sum of $300 to cover interest accrued from the maturity of the last extension, costs, and necessary legal expenses and attorney's fees, José Moisés Colón, with the consent of his wife, granted to the corporation Finlay, Waymouth & Lee, Inc., a first mortgage on the property involved in this suit. This mortgage was duly recorded in the registry of property on August 18, 1924.

Santini Fertilizer Company obtained a judgment against José Moisés Colón in an action of debt, and on May 16, 1930, acquired title to the mortgaged property by purchase at an execution sale. Subsequently Albert E. Lee & Son, alleging that the mortgage obligation had been endorsed to it, foreclosed the mortgage and on December 17, 1930, acquired title at the foreclosure sale to the same property which had been acquired previously by plaintiff-appellant Santini Fertilizer Co., which was not served with notice of the proceedings to foreclose the mortgage.

The District Court of San Juan rendered judgment setting aside the mortgage foreclosure proceeding, and since neither party has appealed from this pronouncement of the judgment, we have set forth only the facts necessary for the decision of the questions involved in this appeal. The plaintiff appeals only from the pronouncement of costs, and from so much of the judgment as denied the prayer of the complaint to the effect that the mortgage executed as security for the obliga-

tion contracted by José Moisés Colón should be declared extinguished and nonexistent.

The appellant maintains that the principal obligation secured by mortgage is a mercantile obligation which is extinguished by prescription three years after its maturity, and that the mortgage is likewise extinguished.

In our judgment the contention is not tenable. The mortgage is placed on the property itself, and not on the personal credit. The law fixes a term of twenty years for the prescription of an action to foreclose a mortgage. Morell, at volume 4, page 74, of his work *"Legislación Hipotecaria"* says:

"A mortgage—as Aragonés puts it—gives rise to an action which is law in motion, and this action was considered in our law as being of a mixed nature, and was assigned a legal life of thirty years by writers on the subject.

"The Mortgage Law fixed its duration at twenty years, and this, it was asserted, gave it a personal character. The Civil Code provides that the personal action lasts fifteen years, and the foreclosure action twenty (sec. 1964). Inasmuch as the action is directed against the property, it is real, and its nature is not altered by the fact that it prescribes in twenty years instead of thirty. As Barrachina points out, servitudes also prescribe in twenty years, and there can be no doubt that they involve a real action."

In the Report accompanying the bill which became the Mortgage Law of 1861 it is said that a mortgage is truly a real right attached to the fulfillment of the obligation which it secures, and which always follows the mortgaged property into whatever hands it might pass and regardless of the changes that may occur in the encumbered property. Galindo, *Legislación Hipotecaria*, vol. 1, p. 112.

In the paragraph copied below, also taken from the said Report, are expressed even more clearly the nature of a mortgage and the relation of the creditor to the debtor and to the property encumbered:

"In order to ascertain the importance and necessity of the system adopted by the Commission, it must be kept in mind that the purpose of mortgage legislation is to build up landed credit on a foundation

of certainty in the mortgage and in the repayment of the obligation. One who lends with mortgage security may be said to lend to the property rather than to the person; the value of the mortgaged property is the cause for making the loan; the debtor is only the representative of the property; the creditor is not at all interested in the credit, financial condition or moral qualities of the person to whom he gives his money, for he does not take them into account for any purpose; what he is interested in is that the property be sufficient to insure repayment, at the proper time, of what he advanced. His credit is not a *personal* credit, it is a *real* credit, it does not depend on the person of the debtor, it is not subject to his vicissitudes; what the creditor is interested in is that the mortgage should not disappear: once his credit adheres to the property, on the other hand, it is not altered by the loss of the personal credit of its owner.''

The commentator, Manresa, expresses himself as follows:

"*Twenty-year term of prescription.*—The action of foreclosure of mortgage prescribes in this term. This provision is entirely in accord with what is established by sec. 128 of the Mortgage Law in force, which is a reproduction of sec. 134 of the former law.

''The fixing of a longer term for the prescription of this class of actions, in relation to those that are purely personal, is based, as is readily understood, on the special nature of the former, which required the said increase as a compensation for the mortgage security which they offer and which is destroyed by prescription. However, in some Codes, such as that of Guatemala, the limitation period for an action for the collection of a debt secured by mortgage is fifteen years. On the other hand, that of Uruguay and others require the lapse of thirty years.'' Manresa, Commentaries on the Spanish Civil Code, (1921 ed.) vol. 12, p. 925.

We are of the opinion that when a loan is secured by mortgage the personal action merges in the real action to foreclose the mortgage. As a matter of fact, loans secured by mortgage are of a personal nature, and if we were to interpret the law in the sense that when the personal action prescribes the right of action on the mortgage is extinguished due to the nonexistence of the principal obligation, then the twenty-year term of prescription would not be available as a practical matter, and the legislator when fixing this term, would have

done a futile thing. The American cases coincide with this view on the point that the mortgage security answers for the debt, regardless of the personal action. These cases rest principally on the theory that, even though the personal action may be barred by prescription, nevertheless the debt is not extinguished, and remains attached to the mortgage. *Conway* v. *Caswell,* 48 S.E. 957; *Downey* v. *Mariority,* 81 Conn. 842.

Moreover, when a loan secured by mortgage is effected, the creditor is entitled to all the safeguards which may be established in his favor, and one of these is that his credit should not prescribe until the expiration of the twenty years fixed by law for the prescription of the mortgage foreclosure action.

The plaintiff maintains that the court erred in holding that the obligation which Albert E. Lee & Son sought to collect through the foreclosure proceedings was not a future obligation in relation to the execution of the deed constituting the mortgage which secured it, and that the said obligation can not prejudice the plaintiff, which is a third person. The appellant argues that, since the mortgage secured future obligations, it could not prejudice a third person, inasmuch as the contracting of the future obligation was not made to appear in the registry.

We are of the opinion that the lower court did not commit the error assigned. On August 5, 1924, José Moisés Colón acknowledged that he was indebted to Finlay, Waymouth & Lee, Inc., in the sum of $3,000, on which he agreed to pay interest at 10 per cent per annum for the term of one year, maturing August 5, 1925. This was the obligation contracted by the debtor, and this was the obligation ratified by public deed on August 9, 1924, and although the debtor agreed to make a promissory note to mature on a certain date, to be replaced by another until the making of the last one, to mature on August 5, 1925, that is, the date agreed upon from the very first, when the debt was contracted, the truth is that it is the same $3,000 and the same obligation which, since August 5,

1924, José Moisés Colón had agreed to pay on August 5, 1925. Clearly we are not dealing with a future obligation which was nonexistent at the time José Moisés Colón acknowledged the debt, but with a specific obligation, with a real and positive existence at the time the obligation was contracted and the deed executed. With respect to plaintiff's contention that it is a third person which can not be prejudiced, it suffices to say that the mortgage was recorded in the registry of property in fullest detail, as appears from the certificate of the registrar which is part of the record.

The plaintiff finally maintains that the lower court erred and abused its discretion in not imposing the costs, expenses, and attorney's fees of this case on the defendants.

The lower court, in its findings of fact, states that the defendant Albert E. Lee & Son had notice of the attachment and sale of the property to Santini Fertilizer Co., and also of the error committed by the registrar prior to the institution of the foreclosure proceedings. The foreclosure was effected without notice to plaintiff Santini Fertilizer Company, then owner of the said property. The lower court holds the said mortgage proceedings to be void. Albert E. Lee & Son denied under oath in its answer, for want of sufficient information and belief, that the plaintiff had acquired the property involved in this suit upon execution of judgment, or as a result of any other proceeding or action, alleging to the contrary that even though this were true, the said title was void as to the property subject to the mortgage. From the record and from the findings of fact of the lower court it is inferred that Albert E. Lee & Son, knowing that the property did not belong to José Moisés Colón on the date the foreclosure proceedings were instituted, did not trouble itself to notify Santini Fertilizer Co. It is true that the complaint, in addition to the setting aside of the foreclosure proceedings, prays that the mortgage credit be declared nonexistent, but it is equally true that Albert E. Lee & Son opposed the annulment of the foreclosure proceedings which it instituted and

completed without notifying the plaintiff, and prayed that the complaint be dismissed in its entirety. We have carefully examined the evidence and the findings of the lower court and believe that the court should have exercised its discretion to impose costs on defendant Albert E. Lee & Son.

For the reasons stated the judgment appealed from must be affirmed, with the single modification that costs be imposed on defendant Albert E. Lee & Son.